**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: March 12 2007**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 05-73169 |
| | ) | |
| Jesse E. Inman & Wendelyn A. Inman | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | Adv. Pro. No. 06-3455 |
| | ) | |
| Jesse E. Inman | ) | Hon. Mary Ann Whipple |
| Wendelyn A. Inman | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cleveland Clinic Foundation, | ) | |
| | ) | |
| Defendant(s). | | |

**ORDER RE APPLICATION FOR ENTRY OF DEFAULT AND ADVERSARY
PROCEEDING SCHEDULING ORDER**

This case is before the court on Plaintiff's Application for Entry of Default ("Application")

[Doc. #5] and Defendant's objection to the Application [Doc. # 10].

Plaintiffs filed their complaint on August 10, 2006. The complaint seeks injunctive relief and

unliquidated compensatory and punitive damages arising out of Defendant's alleged violation of the discharge injunction. The Clerk issued on August 17, 2006, a summons for service by Plaintiffs along with a copy of the complaint. The summons was required to be served on or before August 27, 2006. *See* Fed. R. Bankr. P. 7004(e). Plaintiffs certified that they served a copy of the summons and of the complaint on Daniel Dreyfuss, who is the attorney for Defendant that has entered an appearance herein, by certified mail sent on August 18, 2006.[1]

In accordance with Fed. R. Bankr. P. 7012(a), the summons specified that Defendant was required only to serve its answer on Plaintiffs' counsel by September 18, 2006. Contrary to popular understanding, including seemingly by both lawyers involved in this case, filing of the answer or other response with the court is not required by that date. The operative act required by Rule 7012 is service, which may occur by the methods specified in Fed. R. Civ. P. 5(b) as applicable to this adversary proceeding by Fed. R. Bankr. P. 7005. Filing with the court is then governed by Fed. R. Civ. P. 5(d), which specifies that "[a]ll papers after the complaint required to be served upon a party, together with a certificate of service, must be filed with the court within a reasonable time after service ..." Plaintiffs later filed and served on Attorney Dreyfuss by first class mail an amended complaint. The amended complaint was filed with the court on August 29, 2006. According to the certificate of service, the amended complaint was also served on August 29, 2006. Under Fed. R. Civ. P. 15(a), applicable to this adversary proceeding through Fed. R. Bankr. P. 7015, the time for responding to the amended complaint was the longer of 10 days after service of the amended complaint or the time remaining for response to the original pleading. In this instance the longer of

---

[1] Defendant's answer contests service of process, a concern the court shares regarding the validity of service on counsel for Defendant and whether that method is in accordance with Fed. R. Bankr. P. 7004(b)(3), (7) or (8) or Fed. R. Civ. P. 4(h).

the two time periods was the September 18, 2006, service deadline remaining under the summons to respond to the original complaint

Attorney for Plaintiff electronically filed the Application on September 19, 2006, at 12:41 p.m., the day after service of a response to the complaint was required have occurred and the day before the scheduled initial pretrial conference. An Affidavit attached to the Application asserts that "[a] responsive pleading was due within 30* days of August 17, 2006" and that "Defendant, Cleveland Clinic, has failed to plead or otherwise defend in this action and the time to do so has expired." Because there was no response to the complaint or entry of appearance in the court record, Attorney Dreyfuss did not receive electronic notice of and a copy of the Application through the court's CM/ECF system. The certificate of service appended to the Application shows that it was mailed to Attorney Dreyfuss on September 19, 2006, by first class mail.

The court docket shows that an answer to the complaint was electronically filed with the court by Attorney Dreyfuss on September 20, 2006, at 10:33 a.m. [Doc. #6]. The electronic filing receipt shows that notice of the filing and a copy of the answer was electronically transmitted to Attorney for Plaintiffs through the court's CM/ECF system at that time. The answer itself has an appended certificate of service stating that it was electronically served on Attorney Harris on September 18, 2006. The answer admits certain of the allegations, denies certain of the allegations based on lack of knowledge and information and asserts four affirmative defenses. The affirmative defenses are failure to state a claim, lack of jurisdiction due to the closure of the underlying Chapter 7 case of Plaintiffs, failure of service of process and inadvertence of any post-discharge collection action.

In opposition to the Application, Attorney Dreyfuss submitted his affidavit explaining the circumstances around service and filing of the answer. [Doc. #10]. He tried to file the answer with the court on September 18, 2006, which also would have effected notice of filing and service of the

document through the court's CM/ECF filing system. *See* Fed. R. Civ. P. 5(b)(2)(D). However, Attorney Dreyfuss was not a registered electronic filer in this court's system, apparently assuming erroneously that registration with the district court was all that was necessary. Attorney Dreyfuss states that even though the answer could not be filed, he e-mailed it to Attorney Harris through an encrypted e-mail program known as Certified Mail. A copy of an e-mail showing at least an attempt to e-mail it on September 18, 2006, at 3:34 p.m. is attached to Attorney Dreyfuss's affidavit. Attorney Dreyfuss is unsure whether the e-mail was delivered or whether it was left unopened upon receipt. Attorney Harris's affidavit in support of the Application does not state anything either way about receipt of such an e-mail.

The first question is whether Defendant's answer was timely served on Plaintiffs' Attorney. The record is clear only that service of the answer on Attorney Harris occurred through the court's CM/ECF system on September 20, 2006, at 10:33 a.m., 2 days after it was required under the summons and applicable procedural rules. Under Fed. R. Civ. P. 5(b)(2)(D), applicable to this adversary proceeding by Fed. R. Bankr. P. 7005, delivery by means other than hand delivery or first class mail is authorized under certain circumstances. First, delivery by any other means besides first class mail or hand delivery, including electronic means, is permissible if consented to in writing by the person served. The court construes "including electronic means" to include e-mail as attempted by Attorney Dreyfuss's assistant under his supervision. The problem is that there is no indication that Attorney Harris consented to e-mail service other than through the court's electronic transmission facilities, which is a separate service method under Rule 5(b)(2)(D). Second, Rule 5(b)(3) states that "[s]ervice by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served." This compounds the service problem for Defendant, as it appears that there was knowledge that service through the encrypted e-

mail system was not effective, thereby making it ineffective under Rule 5(b)(2)(D) on a second basis. Service of the answer in accordance with the applicable procedural rules did not occur on or before September 18, 2006.

The answer was actually served upon filing through the court's transmission facilities, as authorized by Fed. R. Civ. P. 5(b)(2)(D), the court's Fourth Amended General Order No. 03-1 and its Electronic Case Filing Administrative Procedures Manual ¶ 2D, wherein registered electronic users such as Attorney Harris, and now Attorney Dreyfuss, agree to accept service through the court's electronic transmission system. However, as shown by the docket, that did not occur until September 20, 2006, two days after the date for service of the response under the summons and Fed. R. Bankr. P. 7012(a).[2] The court concludes that the answer was not timely served on Attorney Harris by Defendant, notwithstanding the statement on the certificate of service that service occurred on September 18, 2006.

The second question is what should be done as a result of the untimely served answer. Under Fed R. Civ. P. 55(a), applicable to this adversary proceeding by Fed. R. Bankr. P. 7055, the standard for entry of default by the Clerk is "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." The court has determined for the reasons explained above that the answer was not timely served and thus Defendant has failed to plead or otherwise defend as required by the applicable rules. Attorney for Plaintiffs could not have known for sure on September 19, 2006, when he filed the Application and attested under oath in the Affidavit, that an answer or other

---

[2] All of this could have been avoided had the answer simply been mailed to Attorney Harris on September 18, 2006, by first class mail, postage prepaid. *See* Summons [Doc. # 3]; Fed. R. Civ. P. (b)(2)(B). Service by mail is complete on mailing. It does not appear that there was service of the answer by first class mail.

response to the complaint had not in fact been mailed to him through first class mail by Attorney Dreyfuss on or before September 18, 2006. Nevertheless, it has otherwise been shown on the record that an answer was not timely served by Defendant. Accordingly, the standard under Rule 55(a) has been met and "the clerk shall enter the party's default." The court will thus grant the application and direct the Clerk to enter the default of The Cleveland Clinic Foundation.

That determined, however, the court will entertain a separate motion from Defendant to set aside the entry of default under Fed. R. Civ. P. 55(c) and for leave under Fed. R. Bankr. P. 9006(b)(1) to enlarge the time nunc pro tunc to September 20, 2006, for filing the answer. An entry of default is just the first procedural step on the road to obtaining a default judgment, and in the Sixth Circuit "the same policy of favoring trials on the merits applies whether considering a motion under Rule 55(c) or under Rule 60(b). In practice a somewhat more lenient standard is applied to Rule 55(c) motions where there has only been an entry of default..." *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190,193-94 (6th Cir. 1986). Trial courts are directed to consider three equitable factors in deciding whether good cause exists to set aside an entry of default: (1) whether plaintiff will be prejudiced if the entry is vacated; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of defendant led to the default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). While these factors have been addressed to some extent in Defendant's opposition, the court cannot skip the filing of appropriate motions seeking affirmative relief in accordance with the applicable rules and binding case law. Plaintiffs are entitled to respond to whatever Defendant asserts in that regard, including to show how they have been prejudiced by an answer served on counsel two days late.

The court also observes based on the amended complaint that if the court does not ultimately set aside the entry of default and proceeds to hear the case on a motion for default judgment, the

court will still conduct an evidentiary hearing on the amount of Plaintiffs' unliquidated and unspecified compensatory damages. *See* Fed. R. Civ. P. 55(b)(2). Moreover, even taking the factual averments of the complaint and attached exhibits as admitted, no factual basis is yet shown on the record to support punitive damages as requested by Plaintiffs. Thus, even in a default situation, it does not appear that proceedings in this particular case will be substantially reduced.

The court will entertain all motions filed and proceed according to the rules. The goal of the foregoing commentary is to encourage the parties in the meantime to confer about whether they can resolve either the imminent procedural issues or the ultimate merits of the case before court proceedings and attorneys' fees escalate in an adversary proceeding involving what presently appears from facts in the amended complaint to be one attempt to collect a discharged debt shown by Exhibit C to be less than $900.

Based on the foregoing reasons, and for cause shown,

**IT IS ORDERED** that Plaintiffs' Application for Entry of Default [Doc. # 5] is **GRANTED**; and

**IT IS FURTHER ORDERED** that the Clerk shall forthwith enter the default of Defendant Cleveland Clinic Foundation of record; and

**IT IS FINALLY ORDERED** that Defendant is granted leave until **April 13, 2007**, to file motions to set aside the entry of default and for enlargement of time nunc pro tunc under Fed. R. Bankr. P. 9006(b)(1) to serve its answer on September 20, 2006. If no such motions are filed by that date, Plaintiffs shall file a motion for default judgment on or before **April 27, 2007**.